## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| FRANCHESKA CATALA-TORRES, | * | |
| and ANGEL DAVID PEREZ-CARDONA | * | CIVIL NO. 21-1201 (   ) |
| per se and representing their minor daughter | * | |
| ASP-C and their legal society of earnings | * | |
| (conjugal partnership) | * | |
| Plaintiffs | * | ABOUT: |
| | * | Title VII of Civil Rights Act 1964 |
| v. | * | Discrimination, ADA and GINA |
| | * | 1802 and 1803 of PR Civil Code |
| LIFELINK FOUNDATION, INC. | * | US Constitution First Amendment |
| LIFELINK of PUERTO RICO, Inc., | * | DEFAMATION (Libel & Slander) |
| KAREN OTERO-TORRES | * | Public Law No. 80 |
| JOHN DOE, RICHARD ROE and their | * | |
| respective insurance companies | * | TORTS |
| Defendants | * | |
| ************************************* | | JURY TRIAL |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes plaintiffs, through the undersigned attorney, and very respectfully state, allege and pray:

**I.   JURISDICTION:**

1. This Honorable Court has jurisdiction pursuant to 28 United States Code §§ 1331 and under Title VII, *Civil Rights Act 1964* (discrimination for race/color, ethnicity and nationality/national origin), the *American with Disabilities Act* (ADA) of 1990 and the *Genetic Information Nondiscrimination Act* (GINA) of 2008.

2. Plaintiff invoke violation to his rights under the US Constitution First Amendment.

3. Plaintiff invoke the article 1802 and 1803 of Puerto Rico Civil Code for the Defamation (Libel & Slander) and the Puerto Rico Law against discrimination and retaliation under

COMPLAINT
CIVIL NO. 21-1201 (   )
Page 2

the supplemental jurisdiction principles in the interest of judicial efficiency and economy, 28 United States Code § 1367.

4. Plaintiffs invoke violation to Commonwealth of Puerto Rico Labor Laws including Public Law No. 80 of May 30, 1976 as amended, state law against retaliation, and equivalent Federal Labor Laws (United States Code) under the supplemental jurisdiction principles in the interest of judicial efficiency and economy.

5. This Honorable Court also has venue pursuant to 28 United States Code § 1391 since the claims asserted in this action arose in this judicial district.

6. Trial by jury is hereby requested.

**II. PARTIES:**

7. Plaintiffs Francheska Catala-Torres and Angel David Perez-Cardona are of legal age, married, American citizen and live in Añasco, Puerto Rico.

8. Plaintiffs physical address is Bo. Caguabo, Rd. 115, Km. 4.6, Añasco, PR 00610 and postal address is RR 1 Box 1076, Añasco, PR 00610.

9. Plaintiffs Francheska Catala-Torres and Angel David Perez-Cardona's minor daughter ASP-C is included as plaintiff. The legal society of earnings (conjugal partnership) of co-plaintiffs Francheska Catala-Torres and Angel David Perez-Cardona is included.

10. Defendant *Lifelink Foundation, Inc..* is a national non-profit organization. LifeLink Foundation is made up of five divisions: LifeLink of Florida, LifeLink of Georgia, LifeLink of Puerto Rico, LifeLink Transplantation Immunology Laboratory and LifeLink Tissue. pharmaceutical and laboratory equipment supplier, covering the segments of Bioprocess Solutions and Lab Products

c:\claims\fcatala.001

**COMPLAINT**
**CIVIL NO.  21-1201  (    )**
**Page 3**

& Services. The company is based in Florida. It's subsidiaries; co-defendant *Lifelink of Puerto Rico, Inc.* is a business created in Puerto Rico. They are all included as defendants.

11.     Defendant *Lifelink Foundation, Inc..* address 9661 Delaney Creek Boulevard, Tampa, Florida 33619. Telephone (800) 262-5775, (813) 253-2640.

12.     Defendant *Lifelink of Puerto Rico, Inc.* address is Metro Office Park, 1 Calle 1, Suite 100, Guaynabo, Puerto Rico 00968. Telephone (787) 277-0900, (800) 558-0977.

13.     Defendant Karen Otero-Torres was the immediate supervisor of plaintiff Francheska Catala-Torres at the time of the facts alleged in the complaint.  Defendant Karen Otero was the Director of Hospital Development of co-defendant *Lifelink of Puerto Rico, Inc.* at the time of the facts alleged inn the complaint.  Her physical address is Cond. Pisos Reales, Vega Baja, PR 00693. Telephone (787) 317-5879, Cond. Pisos Reales (787)858-0165.

14.     John Doe and Richard Roe are those persons who are in any way responsible for the facts and the damages alleged in this complaint. Included are the insurance companies of all the defendants.

**III.     FACTS**:

**Related to defendants**

15.     As per CoorporationWiki[1]; Lifelink was registered on Tuesday, November 20, 2007 and is currently owned by Lifelink Foundation, Inc. under the registration number 3339352 . This mark is alive with a status of Section 8-Accepted. The last case file activity for this mark occurred

---

[1] https://trademarks.corporationwiki.com/marks/lifelink/78722029/
c:\claims\fcatala.001

COMPLAINT
CIVIL NO. 21-1201 (   )
Page 4

7 years ago on Wednesday, March 27, 2013, according to the United State Patent & Trademark Office.

16.     As per Lifelink webpage[2]. More than 30 years ago, a small group of innovators led by renowned nephrologist Dr. Dana Shires made a commitment to save lives through organ and tissue donation. LifeLink Foundation was born. What was once a small, non-profit organization with big dreams and just a few employees is now much larger. LifeLink has more than 500 full- and part-time staff in west-central Florida, Georgia and Puerto Rico who fulfill the life-saving dreams of waiting transplant recipients through the generosity of organ and tissue donors.

17.     LifeLink Foundation is made up of five divisions: LifeLink of Florida, LifeLink of Georgia, LifeLink of Puerto Rico, LifeLink Transplantation Immunology Laboratory and LifeLink Tissue. LifeLink Tissue Bank provides lifesaving and life-enhancing tissue allografts to patients in need.

**Related to all claims against defendants.**

18.     Plaintiff Francheska Catala-Torres is an experienced, licensed & registered nurse. Claimant Francheska Catala-Torres commenced to work for employer on April 3, 2017.  She started as  Hospital Development Liaison/First Responder in LifeLink of PR. She worked/based in Ponce, PR. She worked since April 3, 2017 until December 8, 2020.

19.     The performance of plaintiff Francheska Catala-Torres during his career in LifeLink was excellent. Her probation time was significantly reduced from nine (9) months to only two (2), completing it on June 2017.  She was promoted in position and duties and never was admonished

---

[2] https://www.lifelinkfoundation.org/
c:\claims\fcatala.001

COMPLAINT
CIVIL NO. 21-1201 (   )
Page 5

neither received any warning verbal or written.  She received excellent performance appraisal.

20.     Plaintiff Francheska Catala-Torres is married and is raising a minor child. At the time of her hiring was living in Yauco, PR. The facts were disclosed to her employer.

21.     Plaintiff was in charge of servicing Menonita Hospital, Guayama; Damas Hospital, Ponce; San Cristóbal Hospital, Ponce; San Lucas Hospital, Ponce; Dr. Pila Hospital, Ponce; and Pavia Hospital, Yauco. Also on call duty to service the hospitals between Arecibo and Guayama (Southwest area). For over a year, plaintiff Francheska Catala-Torres worked without any problems.

22.     On March 19, 2018 at 1:00 pm while attending a meeting of Hospital Development, the claimant and her co-workers were in a Role Play exercise. At the completion of the exercise a debriefing was conducted including discussions of different individual examples. Claimant's supervisor, defendant Mrs. Karen Otero provided several examples of things that she resented of the employees and she mentioned, directly addressing claimant in a loud voice "*con Francheska contigo me molesto tanto, que a veces me dan ganas de darte*".

23.     Plaintiff Francheska Catala-Torres reported and discussed the incident with Guillermina Sanchez (Associate Director) and since then the plaintiff's supervisor (defendant Otero) commenced a series of discriminatory acts, adverse personnel actions and violations of law against plaintiff Francheska Catala-Torres.  On March 26, 2018, plaintiff Francheska Catala-Torres was summoned by Mr. Antonio De Vera (Executive Director) and defendant Mrs. Otero was present. Mr.  De Vera apologized for the behavior of defendant Otero at the training exercise.

24.     On April 2018 defendant Otero and Mr. Kennette Ortiz (Director Human Resources) notified plaintiff of her transfer/relocation of her home office from Yauco to San Lucas Hospital

c:\claims\fcatala.001

COMPLAINT
CIVIL NO. 21-1201 (   )
Page 6

Ponce. It was a reduction of $800-$1000 in monthly company mileage benefits. Even thought that she notified the previous month (March 2018) that due to Hurricane Maria, she had to moved from Yauco to Añasco. It was part of the adverse personnel actions to force plaintiff to resign.

25. Plaintiff Francheska Catala-Torres was assigned to the South area of PR. She was trained with the Liaison Amanda Loja to visit the US Virgin Islands; St Thomas and St Croix but never assigned to that duty. Then plaintiff Francheska Catala-Torres had to commute from her home in Añasco, PR for over 2.5 hours to the International Luis Muñoz Marín Airport (LMM) to flight to the hospitals in St. Thomas and St. Croix. Plaintiff Francheska Catala-Torres started to travel at 3:00 am to the airport, visited a hospital in St. Thomas or St Croix, flew back to PR on the same day arriving to her home around 8:00 or 9:00 pm without any overtime payment. At the time Plaintiff Francheska Catala-Torres was the employee that lived farther that any other; six (6) of her co-workers lived less than 45 minutes from the LMM Airport. Plaintiff Francheska Catala-Torres was never authorized to flight from Mayaguez or Aguadilla Airports, even thought the airports were a lot closer to her home. She was never given the option of flying out of Aguadilla Airport. In relation to the Mayaguez Airport, defendant claimed that there was a policy against flying in a commercial flight with only one pilot piloting the aircraft.

26. Plaintiff Francheska Catala-Torres suffered defamation (libel and slander) by her supervisor, defendant Karen Otero, which in oral and written communication made false statements that unjustly harms plaintiff's reputation. Defendant Otero acted with malice and intentionally when she made the false statements publicly to plaintiff's co-workers.

27. The illegal actions against claimant escalated to the point that causes a physical

COMPLAINT
CIVIL NO.  21-1201 (   )
Page 7

damage to Plaintiff Francheska Catala-Torres , she was hospitalized in intensive care unit for six (6) days.

28. During the entire COVID-19 Pandemic of 2020, plaintiff Francheska Catala-Torres was not provided any protection equipment/material for over nine (9) months, she had to buy it out of her own expenses. The other employees were treated different.

29. On August 2020 she received from the employer 10 disposable masks.

30. On November 24, 2020 she received 1 face shield, 10 disposable mask N95 and 1 box of disposable gloves (after she already submitted her resignation letter, effective on December 8, 2020).

30. Lifelink actions against plaintiff Francheska Catala-Torres was in violation of Title VII, Civil Rights Act 1964.  She was discriminated after filing a complaint to the employer (retaliation/reprisal), her rights under the First Amendment were violated. She was discriminated and the illegal and adverse personnel actions against her escalated after her hospitalization in violation of the ADA and GINA. The employer violated the labor laws including overtime pay, rest periods, reimbursement of expenses, etc. in three (3) different state's jurisdictions (Commonwealth of PR, US Virgin Islands; St. Thomas, St. Croix) affecting the interstate commerce.

31. Plaintiff Francheska Catala-Torres was illegally terminated/fired without a just cause; a valid cause as established under Commonwealth of Puerto Rico *Public Law No. 80 of May 30, 1976.*

32. Defendants' actions against plaintiff Francheska Catala-Torres were so harsh and discriminatory that forced her to leave her work. The actions against her are considered illegal and

**COMPLAINT**
**CIVIL NO. 21-1201 (   )**
**Page 8**

a constructive discharge.

33. As part of the working agreement/benefits, plaintifft Francheska Catala-Torres was in a 401k (pension/retirement) plan available for employees. Plaintiff Francheska Catala-Torres participated in the plan but when she was fired/dismiss (forced to resign) she was penalized with a 50% lost due to the policy when a participant (employee) leave the company.

34. Defendant Lifelink actions against plaintiff Francheska Catala-Torres were in violation of ADA, GINA, Title VII, Civil Rights Act 1964, the US Constitution First Amendment and constituted Defamation (Libel & Slander). She was discriminated due to her place of origin and her medical conditions and treatment.

35. Plaintiff filed a complaint in the U. S. Equal Employment Opportunity Commission (EEOC) on December 28, 2020. The EEOC issued a Notice of Right to Sue on February 18, 2021. The Notice was received several days later.

36. The wrongful and negligent acts of all co-defendants, their managers, officials, employees, and representatives, were the direct cause or contributed to the facts alleged in the complaint and all the damages suffers by the plaintiffs.

**IV.    CAUSES OF ACTION:**

All the paragraphs stated herein the Jurisdiction and Facts are literary incorporated herein and are made part of the following paragraphs and causes of action.

### First Cause of Action

37. Plaintiff Francheska Catala-Torres rights under the provisions of Title VII, Civil Rights Act 1964 (discrimination for race/color, ethnicity and nationality/national origin) and the US Constitution First Amendment were violated by defendants.

c:\claims\fcatala.001

COMPLAINT
CIVIL NO.  21-1201 (   )
Page 9

### Second Cause of Action

38.     Plaintiff Francheska Catala-Torres rights under the provisions of the *American with Disabilities Act* (ADA) of 1990, and the *Genetic Information Nondiscrimination Act* (GINA) of 2008, were violated by defendants.

### Third Cause of Action

39.     Plaintiff Francheska Catala-Torres rights under the provisions of the *Article 1802* and *1803* of *Puerto Rico Civil Code* are invoked, defendants are liable for the Defamation (Libel & Slander). The Puerto Rico Law against discrimination and retaliation under the supplemental jurisdiction principles in the interest of judicial efficiency and economy, 28 United States Code § 1367 were violated by defendants.

### Forth Cause of Action

40.     Plaintiff Francheska Catala-Torres rights under the provisions of the Commonwealth of Puerto Rico Labor Laws including *Public Law No. 80 of May 30, 1976* as amended, state law against retaliation, and equivalent Federal Labor Laws (United States Code) were violated by defendants.

### Fifth Cause of Action

41.     Co-plaintiffs Angel David Perez-Cardona's and minor daughter ASP-C rights under the provisions of the article 1802 and 1803 of Puerto Rico Civil Code and all the others applicable laws previously mentioned are invoked (state and federal), defendants are liable.

**V.     DAMAGES:**

All the paragraphs stated herein in the Jurisdiction, Facts and Causes of Action are literary incorporated herein and are made part of the following paragraphs and causes of action. All

c:\claims\fcatala.001

COMPLAINT
CIVIL NO. 21-1201 (   )
Page 10

defendants are jointly responsible for all damages caused and suffered by all plaintiffs.

42. Plaintiff Francheska Catala-Torres rights under the provisions of the Title VII, Civil Rights Act 1964 (discrimination for race/color, ethnicity and nationality/national origin) and the US Constitution First Amendment. She was discriminated due to her place of origin, later in retaliation and reprisal after reporting to the officials a series of discriminatory acts against her. She suffered damages; damages estimated on $1,000,000.00.

43. Plaintiff Francheska Catala-Torres rights under the provisions of the *American with Disabilities Act* (ADA) of 1990, and the *Genetic Information Nondiscrimination Act* (GINA) of 2008. She suffered damages; damages estimated on $2,000,000.00.

44. Plaintiff Francheska Catala-Torres was illegally terminated/fired without a just cause; a valid cause as established under Commonwealth of Puerto Rico *Public Law No. 80 of May 30, 1976* as amended, and she was not paid overtime, overseas/traveling time, lost 401K, losses due to the illegal relocation, medical treatments and physical damages, psychological/medical treatments and damages, etc. damages estimated on $500,000.00.

45. Plaintiff Francheska Catala-Torres, has suffered and continue to suffer mental anguish, severe emotional distress, affliction, anguish, deprivation and suffers still today because of the sudden loss of his job and her defamation (libel and slander). Damages that sum the amount of $500,000.00.

46. Co-plaintiffs Angel David Perez-Cardona's and minor daughter ASP-C suffered economic damages and have suffered and continue to suffer mental anguish, severe emotional distress, affliction, anguish, deprivation and suffer still today because of the sudden loss of her wife/mother job, defamation, medical treatments and physical damages, violation of rights and

c:\claims\fcatala.001

COMPLAINT
CIVIL NO.  21-1201 (   )
Page 11

discrimination. Damages estimated in the amount of $500,000.00 dollars per individual.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement in favor of plaintiffs and to award them a sum no less than five million dollars ($5,000,000.00) suffered by plaintiffs because of defendants wrongful acts and combined negligence, plus an additional amount for attorney fees and court costs, all to be paid severally by defendants.

**JURY TRIAL DEMANDED.**

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico, this 1st day of May of 2021.

**I HEREBY CERTIFY,** that on this same date a true and exact copy of this document has been filed electronically using CM/ECF system in US District Court and the CM/ECF System will send notification of the filing to:

> **RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
> Juan R. Rodríguez
> PO Box 7693
> Ponce, Puerto Rico 00732-7693
> Tel. (787) 843-2828 \ 843-2900 Fax (787)284-1267
> Email: **juan_r_rodriguez00732@hotmail.com**
> **juan.r.rodriguez00732@gmail.com**
>
> By:   *S\Juan R. Rodriguez*
> **JUAN R. RODRIGUEZ**
> **USDC 214410**

c:\claims\fcatala.001