IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANCHESKA CÁTALA-TORRES, *et al.*

**Plaintiffs**

**v.**

LIFELINK FOUNDATION, INC., *et al.*

**Defendants**

**CIVIL NO.** 21-1201(RAM)

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is defendants LifeLink Foundation, Inc., LifeLink of Puerto Rico, Inc. ("LifeLink"), and Ms. Karen Otero-Torres ("Otero") (collectively "Defendants") *Motion to Dismiss first Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6)* ("*Motion to Dismiss*"). (Docket No. 23). For the reasons discussed below, the Court **GRANTS** Defendant's *Motion to Dismiss*.

## I. BACKGROUND

On October 3, 2021, Plaintiffs Francheska Cátala-Torres ("Cátala-Torres" or "Plaintiff"), her spouse, Angel David Perez-Cardona, and their minor daughter ASP-C, (collectively "Plaintiffs") filed their *Amended Complaint* against Defendants. (Docket No. 16). Plaintiffs allege Cátala-Torres was subject to workplace discrimination and retaliation in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e et seq.,

and discrimination in violation of the Americans with Disabilities
Act ("ADA"), 42 U.S.C. §§ 12101 et seq. Plaintiffs also assert
violations of the First Amendment to the United States Constitution
and to the Genetic Information Nondiscrimination Act of 2008
("GINA"), 42 U.S.C. § 2000ff et seq. Lastly, they raise claims
pursuant to Puerto Rico's Unjust Discharge Act, Law No. 80 of May
30, 1976, P.R. Laws Ann. tit. 29 §§ 185a, et seq. ("Law 80"); and
Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws
Ann. tit. 31 §§ 5141 and 5142.

On November 4, 2021, Defendants filed their *Motion to Dismiss*.
(Docket No. 23). Regarding Cátala-Torres's federal employment law
claims, Defendants argue that Plaintiff failed to: (a) exhaust
administrative remedies; (b) identify protected activity under
Title VII; (c) allege that Cátala-Torres had a real or perceived
disability under the ADA. Id. at 5-12. Moreover, they aver there
is no individual liability pursuant to Title VII and ADA and thus
those claims against co-defendant Karen Otero-Torres must be
dismissed. Id. at 13. As to her remaining federal claims,
Defendants argue Plaintiff's claim under GINA must be dismissed as
the *Amended Complaint* fails to mention the use of genetic
information. Id. at 12. Likewise, they posit that the First
Amendment claim must be dismissed given the absence of state
action. Id. at 13. Lastly, Defendants maintain that, because all
federal causes of action should be dismissed, the Court should

refrain from exercising supplemental jurisdiction over the Puerto Rico law claims. Id. at 15.

Plaintiffs filed a *Response to Motion to Dismiss* ("*Response*") on December 28, 2021. (Docket No. 28). Notably, Plaintiffs concede that both the First Amendment and GINA claims must be dismissed. Id. ¶¶ 17-18. Plaintiffs also agree that the Title VII and ADA claims may only be invoked against the employer, and not against individuals in their personal capacity. Id. ¶ 20. However, Plaintiffs dispute the contention that Cátala-Torres' claims under Title VII and ADA are not well plead. Id. On January 11, 2022, Defendants filed a *Reply to Plaintiffs' Response* to the *Motion to Dismiss*. (Docket No. 31).

## II. MOTION TO DISMISS STANDARD

When ruling on a Rule 12(b)(6) motion, "[t]he sole inquiry . . . is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011). The Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). Then, the Court takes "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable

inferences in the pleader's favor," to determine "if they plausibly narrate a claim for relief." Id. (citations omitted). The analysis for a Rule 12(b)(1) motion "is essentially the same as a Rule 12(b)(6) analysis: we accept the well-pleaded facts alleged in the complaint as true and ask whether the plaintiff has stated a plausible claim that the court has subject matter jurisdiction." Cebollero-Bertran v. Puerto Rico Aqueduct & Sewer Auth., 4 F.4th 63, 69 (1st Cir. 2021) (citation omitted).

At this juncture, "[t]he Court must decide whether the complaint alleges sufficient facts to 'raise a right to relief above the speculative level.'" Arroyo-Ruiz v. Triple-S Mgmt. Grp., 206 F. Supp. 3d 701, 706 (D.P.R. 2016) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Notably, "[a]lthough 'the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim,' it is 'not necessary to plead facts sufficient to establish a prima facie case' in order to survive a motion to dismiss." Id. (quoting Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013)).

### III. DISCUSSION

#### A. Cátala-Torres identified an ADA claim in her EEOC Complaint

In their *Motion to Dismiss*, Defendants claim that Cátala-Torres failed to exhaust administrative remedies and deprived LifeLink adequate notice with regards to her ADA claim because the allegations in the Equal Employment Opportunity Commission

("EEOC") charge are different from those raised in the *Amended Complaint*. (Docket No. 23 at 6). The ADA "mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e," *i.e.,* filing a charge with the EEOC. Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277-278 (1st Cir. 1999). However, Defendants **do not support their claim** that this requirement was not met. The *Amended Complaint* states that Plaintiff filed a complaint with the EEOC and that the EEOC subsequently issued a Notice of Right to Sue. (Docket No. 16 ¶ 35). Furthermore, as exhibits to their *Response in Opposition*, Plaintiffs provided both said EEOC Complaint and the Notice of Right to Sue. (Docket Nos. 28-1, 28-2).

When evaluating a motion to dismiss, courts may consider: "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,'(b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55–56 (1st Cir. 2012) (quoting Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n. 2 (1st Cir. 2005)). A revision of the EEOC Complaint and Right to Sue letter shows that Cátala-Torres **specifically alleged that she suffered violations of discrimination under the ADA**. (Docket Nos. 28-1 at 1, 28-2). Therefore, Defendants' argument that they were not provided formal notice of her ADA claim fails.

## B. Plaintiffs have not alleged an actionable claim pursuant to Title VII

Per the *Amended Complaint*, Cátala-Torres is married, raising a minor child, and was living in Yauco, Puerto Rico when she was hired by LifeLink. (Docket No. 16 ¶ 20). Plaintiffs allege that during a workplace development exercise, Cátala-Torres' supervisor, co-defendant Ms. Otero, stated that sometimes she got so mad at Cátala-Torres that she wanted to hit her. <u>Id.</u> ¶ 22). Plaintiffs claim that after Cátala-Torres reported and discussed this incident with LifeLink's Associate Director, Defendants commenced a series of discriminatory acts, adverse personnel actions and violations of law, culminating in a constructive discharge. <u>Id.</u> ¶¶ 23-23a, 32.

Title VII provides that it is "an unlawful employment practice for an employer … to discharge any individual, or otherwise to discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's **race, color, religion, sex, or national origin**[.]" 42 U.S.C. § 2000e-2 (emphasis added). Thus, as a threshold matter in any Title VII action, the claimant must show they belong to a protected class under Title VII. *See e.g.*, <u>Cerezo-Martin v. Agroman</u>, 213 F. Supp. 3d 318, 324 (D.P.R. 2016) (discussing the factors of unlawful employment termination claims pursuant to Title VII); <u>Diaz v. Jiten Hotel Mgmt., Inc.</u>, 671 F.3d

78, 82 (1st Cir. 2012) (noting that in mixed-motive cases, the plaintiff must initially establish that their "membership in a protected class was a motivating factor[.]"); <u>Roy v. Correct Care Sols., LLC</u>, 914 F.3d 52, 61 (1st Cir. 2019) (listing the elements for hostile work environment claims under Title VII).

The *Amended Complaint* **failed to allege that Cátala-Torres is a member of a protected class under Title VII**. In their *Response*, Plaintiffs highlight that Cátala-Torres is from Yauco, which is "the countryside and [a] small town (dedicated to farming)." (Docket No. 28 ¶¶ 19-20). However, being from a rural community, alongside being married or a mother to a minor child, is not a protected class.

This proves fatal to **both** Cátala-Torres' discrimination and retaliation claims under Title VII. *See* <u>Montanez v. Educ. Tech. Coll.</u>, 660 F. Supp. 2d 235, 243 (D.P.R. 2009) (finding that all of Plaintiffs claims under Title VII must fail because "Plaintiff has failed to allege any discriminatory act based upon the classes protected under Title VII."). To establish a prima facie case of retaliation, Cátala-Torres must show that: (1) she engaged in protected conduct under Title VII; (2) she suffered an adverse employment action; and (3) the adverse action was causally connected to the protected activity." <u>Marrero v. Goya of Puerto Rico, Inc.</u>, 304 F.3d 7, 22 (1st Cir. 2002) (citing <u>Hernandez-Torres v. Intercontinental Trading, Inc.</u>, 158 F.3d 43, 47 (1st

Cir. 1998)). "An employee has engaged in activity protected by
Title VII if she has either (1) opposed any practice made an
unlawful employment practice by Title VII or (2) 'made a charge,
testified, assisted, or participated in any manner in an
investigation, proceeding, or hearing' under Title VII." Fantini
v. Salem State Coll., 557 F.3d 22, 32 (1st Cir. 2009) (quotation
and internal quotation marks omitted). Per the well-plead
allegations of the *Amended Complaint*, Cátala-Torres certainly
opposed and reported her supervisor's comments. (Docket No. ¶¶ 23-
23a, 32). However, regardless of the propriety of said comments,
in the absence of even alleging that Cátala-Torres pertained to a
protected class, it cannot be said that she opposed a practice
made unlawful by Title VII. Therefore, even construing the well-
pleaded facts of the complaint in the light most favorable to the
Plaintiffs, their claims under Title VII must be **DISMISSED**.

**C. Plaintiffs have not alleged an actionable claim under the ADA**

In the *Amended Complaint*, Plaintiffs allege that the
discriminatory actions caused Cátala-Torres to be hospitalized in
the intensive care unit for six (6) days. (Docket No. 16 ¶ 27).
Moreover, Plaintiffs assert the discrimination and adverse
personnel actions against Cátala-Torres "escalated after her
hospitalization in violation of the ADA[.]" Id. ¶ 30b.

To state a claim of disability discrimination under the ADA,
Plaintiff "needed to allege facts showing that (1) [s]he was

disabled within the meaning of the Act; (2) [s]he could perform the essential functions of h[er] job, with or without reasonable accommodation, and (3) the employer took adverse action against [her], in whole or in part, because of [her] disability." Roman-Oliveras v. Puerto Rico Elec. Power Auth., 655 F.3d 43, 48 (1st Cir. 2011). The ADA defines the term "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities…; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1).

In the case at bar, Plaintiffs have failed to allege sufficient facts to establish that Cátala-Torres is disabled under any of the ADA's three definitions. A single hospitalization, albeit lasting six (6) days, **does not amount to an impairment that substantially limits a life activity nor a record of such an impairment**. *See* 42 U.S.C. § 12102(1). Plaintiffs tacitly recognize as much by stating for the *first time* in their *Response* that Defendants regarded Cátala-Torres as having an impairment. (Docket No. 28 ¶ 15). "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Velazquez-Ortiz v. F.D.I.C., 2012 WL 1345174, at *6 (D.P.R. 2012) (citations omitted). However, Plaintiffs offer no facts or legal authority to support this claim in either the *Amended Complaint* or in their *Response*, rather they merely outline

the applicable legal test in the latter. (Docket No. 28 ¶ 15).
Thus, Plaintiff's ADA claim must be **DISMISSED**.

   **D. The Court declines to exercise supplemental jurisdiction
   pursuant to 28 U.S.C. § 1367(c)**

   First Circuit case law is clear "that district courts may
decline to exercise supplemental jurisdiction over pendent state
law claims when the anchor federal claims for those state law
claims are dismissed." Borrás-Borrero v. Corporación del Fondo del
Seguro del Estado, 958 F.3d 26, 37 (1st Cir. 2020). Where, as here,
the federal claims are dismissed at an early stage of the
proceedings, a District Court is well within its discretion to
decline to exercise supplemental jurisdiction over pending state-
law claims. *See e.g.*, Massó-Torrellas v. Municipality of Toa Alta,
845 F.3d 461, 469-70 (1st Cir. 2017); *see also*, Rivera-Diaz v.
Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 392 (1st Cir. 2014)
(quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7,
(1988)) ("[I]n the usual case in which all federal-law claims are
eliminated before trial, the balance of factors [...] will point
toward declining to exercise jurisdiction over the remaining
state-law claims.").

   Since the federal claims are being dismissed at the pleading
stage, the Court declines to exercise supplemental jurisdiction
pursuant to 28 U.S.C. § 1367(c). All of Cátala-Torres' supplemental
claims under Puerto Rico law, as well as her spouse and minor

child's derivative claims against defendants are hereby **DISMISSED WITHOUT PREJUDICE**.

### IV. CONCLUSION

In accordance with the above, Defendants' *Motion to Dismiss* at Docket No. 23 is **GRANTED**.

Judgment of dismissal with prejudice as to all federal claims and dismissal without prejudice as to all supplemental claims under Puerto Rico law shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of May 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge